THE NATIONAL CITY BANK OF NEW YORK, demandante y apelado, *v.* FRANCISCO DEL MORAL, MORAL & CO., S. EN C., ROSA TORRUELLAS DEL MORAL y CARMEN NADAL VDA. DE DEL MORAL, hoy sustituída por su Administrador Judicial ESTEBAN FERRER Y MARTÍNEZ, demandados y apelantes.

No. 6175.—*Sometido:* Febrero 9, 1934. *Resuelto:* Mayo 3, 1934.

*J. Sabater,* abogado de los apelantes; *O. Souffront,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandados en acción basada en dos pagarés, apelan de una sentencia adversa y sostienen que la corte de distrito cometió error al resolver que los pagarés otorgados por Francisco del Moral como mandatario y apoderado de doña Carmen Nadal viuda de del Moral caen dentro de la excepción establecida por el inciso 6 del artículo 1247 del Código Civil tal como fué enmendado en 1912 (Leyes de ese año, pág. 109) (art. 1232 ed. 1930) y que por tal motivo los pagarés así otorgados eran válidos. El artículo 1195 del Código Civil (1181 ed. 1930) según fué enmendado en 1912, establece las reglas mediante las cuales debe determinarse la fecha de un documento privado, respecto de terceros. Al principal se le coloca entonces en la posición de un tercero en lo que se refiere a contratos celebrados por su mandatario y apoderado en los casos indicados en los párrafos finales de los artículos 1232 y 1629 (ed. 1930), y con sujeción a las excepciones allí especificadas. De conformidad con el penúltimo párrafo del artículo 1232 (ed. 1930) los contratos efectuados por intervención de mandatario deberán constar en documento auténtico; pero "serán válidos . . . todos aquellos en 'que la formalidad del documento auténtico pueda constituir una demora

perjudicial a la naturaleza y rapidez del tráfico mercantil.''
La argumentación de los apelantes asume, pero deja de de-
mostrarlo, que los pagarés en el presente caso, a menos que
caigan dentro de la excepción que acabamos de copiar, eran
enteramente nulos. No podemos estar de acuerdo con este
criterio. No hay duda alguna respecto a la fecha real de los
pagarés, respecto a la autenticidad de la firma del agente o
sobre los términos y condiciones del contrato. Si, según re-
solvió la corte de distrito, la autoridad del agente para actuar
no hubiese terminado antes de otorgar los pagarés, las obli-
gaciones por él asumidas a nombre de su principal eran obli-
gatorias para ella, aunque la corte de distrito pueda haber
errado al resolver que en todo caso eran válidas por estar
cobijadas por la excepción a que se refiere el párrafo final
del artículo 1232 (ed. 1930).

Sostienen luego los apelantes que la corte de distrito co-
metió error al no resolver que la autoridad del agente para
actuar había terminado antes de otorgar los pagarés. Poco
antes de expedirse los pagarés, doña Carmen Nadal, a con-
secuencia de·un ataque de parálisis, se incapacitó para cele-
brar contrato alguno, pero no fué declarada mentalmente in-
capaz hasta algún tiempo después. El artículo 1623 del Có-
digo Civil (ed. 1930)´especifica un número de formas en que
puede concluir el mandato. El tercer grupo de aconteci-
mientos que pueden tener ese efecto son (bastardillas nues-
tras): ''3. Por muerte, *interdicción,* quiebra o insolvencia del
mandante o del mandatario.'' La pérdida de la capacidad
mental no se menciona como una de esas causas. Puede pre-
sumirse que los redactores del código tenían conocimiento de
la diferencia existente entre incapacidad mental y una deter-
minación judicial de tal estado. Este puede o no ser un caso
de *lex scripta* o de *expressio unius.* Dado el criterio que he-
mos formado del caso, ninguna de las cuestiones suscitadas
por los señalamientos primero y segundo que hemos discu-
tido en cierto grado, necesita determinarse definitivamente
por ahora.

■ Ambos pagarés eran renovaciones de obligaciones anteriores. No hay duda alguna acerca de la autoridad del mandatario y apoderado para otorgar los pagarés anteriores. Si, según asumen los apelantes, los nuevos pagarés eran nulos por falta. de autoridad para otorgarlos, entonces no hubo novación de los contratos anteriores y el demandante tenía derecho a recobrar bajo los mismos. Por consiguiente, no importa si la corte de distrito cometió error o no al resolver que los nuevos pagarés caían dentro de la excepción establecida por el inciso 6 del artículo 1247 según fué enmendado en 1912 (artículo 1232 ed. 1930) y por tanto, válidos; o al no resolver que la autoridad del mandatario había terminado antes de otorgarse dichos pagarés.

■ La tercera contención de los apelantes es que el mandatario y apoderado no estaba autorizado para tomar dinero a préstamo en unión a otras personas y para otras personas. La escritura de poder concedía al mandatario y apoderado plena autoridad para tomar dinero a préstamo y para suscribir pagarés. En ausencia de cualquier condición o limitación a este poder el mismo incluía la facultad de tomar dinero a préstamo en unión a otras personas. Todas las obligaciones en el presente caso eran mancomunadas y solidarias. Nada hay que demuestre que el mandatario y apoderado tomó dinero a préstamo para otras personas y no para su mandante.

■ La contención final de los apelantes es que la corte de distrito cometió error al no permitir que se practicara una investigación respecto a quién solicitó el préstamo. Lo que la corte hizo fué sostener una objeción a una pregunta hecha durante la repregunta de un testigo del demandante. La pregunta fué: "P.—¿Este préstamo quién lo solicitó al American Colonial Bank, fué la casa del Moral & Compañía, fué doña Carmen Nadal vda. del Moral, o fué alguno de los otros que lo suscribían?" El letrado de la demandante citó en apoyo de su objeción el caso de *National City Bank* v. *J. Martínez Llonín,* 41 D.P.R. 163. El letrado de la defensa no con-

testó a la objeción sino que se anotó una excepción a la resolución de la corte sin exponer los fundamentos en que basaba la excepción. Si el letrado de los demandados en respuesta a la objeción hubiera hecho constar claramente a la corte que la pregunta era preliminar a una investigación para determinar si doña Carmen Nadal había recibido el dinero tomado a préstamo del banco o si el banco antes de otorgarse el pagaré tenía conocimiento de tal hecho, de ser un hecho, o algún motivo para creer que doña Carmen Nadal no habría de recibir el dinero o parte del mismo, entonces se habría presentado una cuestión distinta. Si el letrado de los demandados hubiese hecho nuevas preguntas en torno a ese particular, y si la corte al sostener las objeciones a estas preguntas hubiera cerrado las puertas a tal investigación, esto quizá hubiese sido un error justificativo de revocación. El error, si alguno hubo, al sostener la objeción del demandante a la sola pregunta arriba transcrita, a nuestro juicio fué inofensivo. Cualquier duda que pudiéramos tener a este respecto hubiese quedado disipada por el hecho de que los demandados en ningún otro momento hicieron esfuerzo alguno para demostrar que doña Carmen Nadal no recibió realmente el dinero tomado a préstamo y que el banco, antes de suscribirse el pagaré tenía conocimiento de que ella no recibiría el dinero o parte del mismo, ni beneficio práctico alguno de la transacción del préstamo.

*La sentencia apelada debe ser confirmada.*